**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JUSTIN W. STAPLETON,**

**Plaintiff,**

**v.** **Case No. 25-CV-1734**

**JOHN and JANE DOE DENTAL OFFICIALS,**
***et al.*,**

**Defendants.**

---

## ORDER SCREENING THE COMPLAINT

---

On May 20, 2026, the court screened *pro se* plaintiff Justin W. Stapleton's amended complaint and allowed him to proceed on claims against unknown defendants labeled John and Jane Doe Dental Officials for violating his Eighth Amendment rights by being allegedly deliberately indifferent to his dental needs. (ECF No. 12.) The court did not allow Stapleton to proceed against Warden Chris Stevens, Warden Dylon Radtke, and Jessica Gross because he did not allege that they could be held liable under a theory of supervisor liability. (*Id.*) The court retained Warden Stevens for the limited purpose of assisting Stapleton in identifying the Doe defendants. (*Id.*)

On May 14, 2026, Stapleton filed a motion to amend his complaint along with a proposed second amended complaint. (ECF No. 11.) On June 1, 2026, he filed a motion to dismiss Gross, Radtke, and Stevens. (ECF No. 13.) That same day, he

filed another motion for leave to file a second amended complaint along with a proposed second amended complaint. (ECF No. 14.) He also filed a motion for an order screening the second amended complaint. (ECF No. 15.) On June 4, 2026, he filed a third motion for leave to file a second amended complaint along with the proposed second amended complaint, and another motion for an order screening the second amended complaint. (ECF Nos. 16, 17.)

Because an amended complaint supersedes an original complaint and renders the original complaint void." *Flanner v. Recording Indus. Ass'n of American,* 354 F.3d 632, 638 n. (7th Cir. 2004) (citations omitted), the court will consider the most recently filed motion to amend the complaint and proposed amended complaint, (ECF No. 16). All other motions to amend the complaint (ECF Nos. 11, 14) are denied as moot. Additionally, the motion to dismiss Gross, Radtke, and Stevens, (ECF No. 13), and the motion for an order screening the proposed amended complaint filed on June 1, 2026, (ECF No. 15) are denied as moot.

Stapleton's third motion for leave to file a second amended complaint, (ECF No. 16) is granted. The proposed second amended complaint, (ECF No. 16-1) is the operative complaint. While it appears the purpose of Stapleton's third motion for leave to file a second amended complaint is simply to identify the Doe defendants, for the sake of clarity, the court grants Stapleton's second motion for order screening the second amended complaint. (ECF No. 17.) The remainder of this order screens the second amended complaint.

Because Stapleton's consented to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's consented to the limited exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court, the court has jurisdiction to resolve his motion and screen the second amended complaint.

## SCREENING THE COMPLAINT

*1. Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Stapleton was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. *Stapleton's Allegations*

Stapleton alleges that on July 6, 2021, he "was placed on the routine waitlist for fillings for cavities for teeth #2, #3, #18, #15, and #30." (ECF No. 16-1, ¶ 9.) Per policy, the maximum amount of time to be on the waitlist is 12 months. (*Id.*, ¶ 11.)

On July 13, 2022, Stapleton had the cavity on tooth #15 filled. (ECF No. 16-1, ¶ 12.) At that appointment, he asked defendant Tobias Turon to fill the remaining cavities be filled, but he refused. (*Id.*, ¶ 12.) Between July 13, 2022, and December 13, 2024, Stapleton put in several Dental Services Requests (DSR) to have the remaining cavities filled because he was in pain. (*Id.*, ¶¶ 14-15.) In particular, he

began experiencing severe pain from teeth #2, #3, and #18. (*Id.*, ¶ 16.) He asserts that defendants Turon, Steven R. Kiziger, Thommy R. Onjukka, Michael A. Brossman, Kwon Yang, and Angelo Panos knew that he was waiting for his cavities to be filled and was in pain but ignored him. (*Id.*, ¶¶ 14-16.)

On November 26, 2024, Stapleton had the cavities in teeth #2 and #3 filled, over three years late. (ECF No. 16-1, ¶ 17.) At the appointment, Brossman told Stapleton that if these teeth "continue to cause pain, the [teeth] may need extraction." (*Id.*)

On February 3, 2025, Stapleton had to have tooth #18 extracted. (ECF No. 16-1, ¶ 18.) Even though cavities on teeth #2 and #3 were filled, because over three years had passed, Stapleton asserts that the fillings did not resolve the pain. (*Id.*) Stapleton asked Kinziger, Brossman, and Onjukka for pain medication, but they refused to provide it. (*Id.*) These same defendants responded to Stapleton's Dental Service Requests (DSRs) that if Stapleton wanted to be seen sooner, he needed to request extractions. (*Id.*, ¶ 19.)

Stapleton further alleges that Warden Radtke, Warden Stevens, and Gross "are in the wrong" but Stapleton doesn't "know the exact roll [*sic*] they play[ed]." (ECF No. 16-1., ¶ 23.) Regardless, he states their action (or inaction) lead to delays in his dental care.

3. *Analysis*

Stapleton claims that his constitutional rights were violated when the defendants ignored his dental care. A prison official violates the Eighth Amendment

where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." *Id.* The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." *Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)).

Dental issues, including those that cause significant pain, are generally considered to be objectively serious. *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013). At this stage, Stapleton sufficiently alleges he suffered an objectively serious medical condition.

Stapleton also sufficiently alleges that Tobias Turon, Steven R. Kiziger, Thommy R. Onjukka, Michael A. Brossman, Kwon Yang, and Angelo Panos were

deliberately indifferent to his medical condition. Significantly delaying treatment of dental issues that they were aware of could amount to deliberate indifference. *Id.* at 756-757. Stapleton's condition also worsened as a result, because he ended up losing teeth, and he alleges that his pain was unnecessarily prolonged. Stapleton may proceed on an Eighth Amendment deliberate indifference to dental needs claim against them.

However, he may not proceed on claims against Stevens, Radtke, and Gross. As stated in the court's order screening the original complaint, (ECF No 12 at 6), Stapleton does not allege that Stevens, Radtke, or Gross were aware of the delays in dental care he personally experienced. As such, he may not proceed on claims against them under a theory of supervisor liability. Because Stapleton has identified the Doe defendants, the court will dismiss Stevens.

**THEREFORE, IT IS ORDERED** that Stapleton's first two motions for leave to file a second amended complaint (ECF Nos. 11, 14) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Stapleton's motion to dismiss party (ECF No. 13) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Stapleton's first motion for an order screening the second amended complaint (ECF No. 15) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Stapleton's third motion for leave to file a second amended complaint (ECF No. 16) is **GRANTED**. Stapleton's proposed second amended complaint (ECF No. 16-1) is now the operative complaint.

**IT IS FURTHER ORDERED** that Stapleton's second motion for an order to screen the second amended complaint (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that that under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Tobias Turon, Steven R. Kiziger, Thommy R. Onjukka, Michael A. Brossman, Kwon Yang, and Angelo Panos. These defendants shall file a responsive pleading within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.'

**IT IS FURTHER ORDERED** that Warden Christopher Stevens, Warden Dylon Radtke, and Jessica Gross are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Stapleton is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Stapleton is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Stapleton' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 6th day of August, 2026.

BY THE COURT:

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge